LAW OFFICES
# John S. Wallenstein
1100 FRANKLIN AVENUE
GARDEN CITY, NEW YORK 11530

(516) 742-5600 Fax (516) 742-5040
E-MAIL: JSWallensteinEsq@aol.com

JOHN S. WALLENSTEIN

SCOTT MURPHY
Of Counsel

NEW YORK & FEDERAL BARS

CRIMINAL DEFENSE
CIVIL LITIGATION
COMMERCIAL MATTERS

July 25, 2012

Honorable Eric Vitaliano
United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza
Brooklyn, New York 11201

      Re: United States v. Theodora Papachristou
          Docket No. 09 Cr. 128 (ENV)

Dear Judge Vitaliano:

    This defendant is scheduled for sentencing on July 26, 2012. I have previously filed a memorandum on behalf of the defendant, which seeks a sentence below the guideline range and which does not encompass incarceration. By letter memorandum dated July 10, 2012, the government has asserted its position and requested a sentence within the guideline range of 12-18 months. I write to respond to a portion of the Government's Memorandum.

    The government asserts that, contrary to the defense position, the sentencing guidelines do not overstate the seriousness of the defendant's participation in the offense (Government Memorandum page 3). However, as the PSR notes, the defendant was a minimal participant in the offense (PSR ¶ 43) and, more importantly, the PSR notes in ¶ 87:

> "As stated above, the defendant acted at the direction of her husband, putting her name on the fraudulent loan application for the third loan because her husband had reached the maximum limit one could borrow from the credit union. As a result, the loss may

LAW OFFICES
JOHN S. WALLENSTEIN

Honorable Eric Vitaliano
July 25, 2012
Page 2

   overstate the defendant's involvement in the offense.
   This is a factor that may warrant departure from the
   Advisory Guideline Range."

Therefore, it is apparent that even the Probation Department believes that the loss amount does overstate the seriousness of the defendant's conduct and thus increases the guideline disproportionately.

  While the government is correct that reasonableness is the lynchpin of the sentence to be crafted by the court, the government bases much of its argument on the fact that there were three loans fraudulently obtained by the defendant's husband and co-defendant, and thus asserts that the magnitude of the loss requires a Guideline sentence. However, it should be noted that the government has never claimed that Mrs. Papachristou was responsible or accountable for either of the first two loans, but only for the third, which is the only loan for which she signed. In fact, the PSR, in its restitution calculation, (PSR ¶ 85) notes in a footnote that "the government advised that it concurs that the defendant is only accountable for the third loan". The insertion into the government's sentencing memorandum of allegations related to the other loans is inapposite.

  The defendant's Sentencing Memorandum also points out that a sentence of incarceration in this case would result in a serious disparity, a point which the government disputes and downplays. However, it is clear even from the government's own memorandum that a sentence of incarceration for Mrs. Papachristou would be a major injustice, and severely disparate from the sentences imposed on the other defendants. Defendant Apazidis was sentenced to six months after a trial, for a fraudulent loan very close to the dollar value for which Mrs. Papachristou is responsible. Therefore, it is simply a disingenuous argument to assert that Mrs. Papachristou should serve a sentence of 12 to 18 months after a plea. Defendant Savvidas, clearly the ringleader and the leader of the larger conspiracy to defraud the Credit Union

LAW OFFICES
JOHN S. WALLENSTEIN

received a probationary sentence. Granted that Savvidas was a government cooperator and received the benefit thereof, nonetheless he had his fingers in everyone's pocket; it is clear from the government's own proof that Savvidas received monies from the Papachristou, loan as well as all of the other loans, for his "services" in arranging the clearly fraudulent loans. It is difficult to accept that Mrs. Papachristou should serve 12-18 months in a federal prison while the architect of the scheme sits at home counting his ill-gotten gains.

Defendant Eleftheriades was also convicted after trial, and sentenced to probation. Mrs. Papachristou's husband was sentenced by Your Honor to a period of probation. Peter Alatsas and Thomas Kalagiorgos were also sentenced to probation. While it is true that Ira Rudin was sentenced by Your Honor to 21 months, Mr. Rudin was the other side of this conspiracy, and was the person in the credit union responsible for its demise. Mrs. Papachristou had no knowledge of Mr. Rudin and no contact with him; her involvement, as noted, was limited to providing an accommodation signature for a single loan, in order to help her husband in his business. To assert that her conduct should result in a prison sentence while all of the other similarly situated defendants, and even those whose conduct was significantly worse (Savvidas), are at liberty on probation.

The government's Sentencing Memorandum dismisses the defendant's assertion that her presence at home to assist in the care of her husband is a necessity, yet the government did not oppose a reduction of Mr. Papachristou's sentence as a result of his physical condition. Clearly he requires care, and who better to provide it than his wife of thirty plus years? Since sentencing should be tailored to the individual defendant, this court must take into account her personal circumstances and the effect of a prison sentence, not only on the defendant, but also on those members of her family who would be most affected.

LAW OFFICES
JOHN S. WALLENSTEIN

Honorable Eric Vitaliano<br>
July 25, 2012<br>
Page 4

  In sum, the defendant respectfully urges the court to impose a sentence "sufficient, but not greater than necessary" to achieve the aims of sentencing, and to sentence the defendant to a period of probation.

  If the court is inclined to impose further restrictions on Mrs. Papachristou's liberty, it is respectfully suggested that a brief period of home confinement would serve the same purpose as a sentence of imprisonment under the facts of this case and this defendant's life, while at the same time permitting her to continue to care for her husband, as well as saving the government considerable cost.

Respectfully yours,<br><br>
JOHN S. WALLENSTEIN

JSW/jh
Cc: AUSA Martin Coffey(by ECF)